UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON R. HOWARD, #618939,

       Petitioner,

                                              Case No. 15-cv-10264

v.

                                              HON. MARK A. GOLDSMITH

SHAWN BREWER,

       Respondent.

_____/

**OPINION AND ORDER
(1) SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS; (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY; AND (3) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

**I. INTRODUCTION**

Petitioner Shannon Howard, confined at the Cotton Correctional Facility in Jackson, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his habeas application, Petitioner challenges his conviction for attempted receiving and concealing stolen property over $ 20,000.00, Mich. Comp. Laws § 750.535(2)(A). For the reasons stated below, the Court summarily denies the petition for writ of habeas corpus.

**II. BACKGROUND**

Petitioner pleaded nolo contendere to the above charge in the Wayne County Circuit Court. Although initially sentenced to probation, Petitioner was sentenced to one-to-five years in prison on August 1, 2007.

The Michigan Department of Corrections Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, see Ward v. Wolfenbarger, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004), indicates that Petitioner was discharged from his sentence on

April 28, 2012. Petitioner remains incarcerated on an unrelated conviction for second-degree murder and fleeing and eluding a police officer.

On January 14, 2015, Petitioner filed a petition for writ of habeas corpus (Dkt. 1), in which he seeks habeas relief from his attempted receiving and concealing stolen property conviction.[1]

Respondent filed a motion for summary judgment (Dkt. 12). As part of the motion, Respondent contends that the petition should be dismissed, because Petitioner is no longer in custody for this conviction, having been discharged from his sentence.

Petitioner filed a response to the motion for summary judgment (Dkt. 15).

### III. ANALYSIS

**A. Jurisdiction**

The Court agrees with Respondent that the Court lacks jurisdiction over the habeas petition, due to the fact that the Petitioner is no longer in custody for his conviction, as he has now been discharged from his sentence. Therefore, the petition is denied.

The language of § 2241(c)(3) and § 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. See Maleng v. Cook, 490 U.S. 488, 490-491 (1989). A habeas petitioner is no longer "in custody," for purposes of a conviction imposed, after the sentence on that conviction has fully expired. Id. at 492-493; see also Clemons v. Mendez, 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). The "in custody" requirement is jurisdictional. See Foster v. Booher, 296 F.3d 947, 949 (10th Cir. 2002). Because Petitioner's sentence has expired on this conviction, he is no longer in custody on this conviction, and, therefore, this Court lacks subject

---

[1] Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas petition on January 14, 2015, the date that it was signed and dated. See Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999).


matter jurisdiction over his habeas petition with respect to this conviction. See Steverson v. Summers, 258 F. 3d 520, 523 (6th Cir. 2001).

Additionally, once a habeas petitioner's sentence for a conviction has completely expired, the collateral consequences of that conviction are insufficient to render a habeas petitioner "in custody." Clemons v. Mendez, 121 F. Supp. 2d at 1102-03. The collateral consequences of a conviction, such as the inability to vote, engage in certain businesses, hold public office, or serve on a jury are insufficient to satisfy the "in custody" requirement under the habeas statute. See Leslie v. Randle, 296 F. 3d 518, 522 (6th Cir. 2002). Because Petitioner is no longer in custody for the offense of attempting receiving and concealing stolen property, he cannot maintain a habeas challenge against this conviction.[2]

**B.  Certificate of Appealability and Leave to Proceed In Forma Pauperis on Appeal**

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason

---

[2] Because the Court is denying the petition on the ground that Petitioner is no longer in custody for this conviction, it is unnecessary for the Court to address Respondent's alternate argument that the petition should be dismissed on the ground that it is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Further, the Court rejects Petitioner's argument that Respondent's motion should be struck as untimely filed; in fact, the motion was filed on July 24, 2015, which was three days prior to the deadline for filing a response to the petition.

would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. Id.

In this case, the Court denies Petitioner a certificate of appealability because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner failed to meet the "in custody" requirement for maintaining a habeas action with respect to his conviction. See, e.g., Finkelstein v. Spitzer, 155 F.3d 131, 133 (2nd Cir. 2006).

The Court also denies Petitioner leave to appeal in forma pauperis because the appeal would be frivolous. Myers v. Straub, 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### IV.  CONCLUSION

Based upon the foregoing, the Court summarily denies the petition for writ of habeas corpus. The Court also declines to issue a certificate of appealability and denies Petitioner permission to proceed in forma pauperis on appeal.

SO ORDERED.


Dated: October 7, 2015                     s/Mark A. Goldsmith
          Detroit, Michigan                     MARK A. GOLDSMITH
                                                United States District Judge

4

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 7, 2015.

            s/Johnetta M. Curry-Williams
            Case Manager